IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOY ELAINA MCINTOSH                                              PLAINTIFF

v.                            No. 4:13CV202-BRW-JJV

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration                                                  DEFENDANT

<u>Instructions for Recommended Disposition</u>

The following recommended disposition was prepared for U.S. District Judge Billy

Roy Wilson.  A party to this dispute may object to this recommendation in writing.  An

objection must be specific and state the factual and/or legal basis for the objection.  An

objection to a factual finding must identify the finding and the evidence supporting the

objection.  Objections must be filed with the Clerk of the Court no later than 14 days from

the date of this recommendation.[1]  The objecting party must serve the opposing party with

a copy of an objection.  Failing to object within 14 days waives the right to appeal questions

of fact.[2]  If no objections are filed, Judge Wilson may adopt the recommended disposition

without independently reviewing the record evidence.  An objecting party who seeks to

submit new, different, or additional evidence, or to obtain a hearing for that purpose, must

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.  Based on this submission, Judge Wilson will determine the need for a hearing.

<u>**Recommended Disposition**</u>

Joy Elaina McIntosh seeks judicial review of the denial of her application for social security disability benefits.[3]  McIntosh alleges disability since age 29.  She bases disability on attention deficit disorder, hip and back problems, leg muscle failure, and asthma.[4]  She claims she has been disabled since January 2009, but she worked until November 2010.[5]

**The Commissioner's decision**. After considering the application, the Administrative Law Judge (ALJ) determined McIntosh had a severe impairment — degenerative disc disease in the thoracic spine[6] — but she could do light work that permits her to alternate between sitting and standing, to include her past work as a telemarketer and a general office clerk.[7]  Because a person who can do her past work is not disabled,[8] the ALJ

---

[3]SSA record at pp. 102 & 108.

[4]*Id*. at p. 160.

[5]*Id*.

[6]*Id*. at p. 13.

[7]*Id*. at pp. 16 & 19.

[8]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (claimant who can do her past relevant work is not entitled to disability insurance benefits).

determined that McIntosh is not disabled and denied the application.

After the Appeals Council denied a request for review,[9] the ALJ's decision became the final decision.[10]  McIntosh filed this case to challenge the decision.[11]  In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**McIntosh's allegations**.  McIntosh challenges the ALJ's evaluation of her credibility. She maintains the ALJ should have discussed the field agent's observations during her application interview.[13]  She contends the ALJ should have ordered a consultative physical examination, rather than rely on the agency medical expert's review of her treatment

---

[9]SSA record at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]SSA record at p. 129 (per field agent, she walked with a limp, shifted from time to time in her chair, rambled on and on, had to be guided back to questions, and spoke with a slight slur).

records.  She maintains the ALJ's hypothetical question omitted limitations in maintaining concentration, persistence, and pace, and failed to specify the need to sit or stand at will. For these reasons, she argues that substantial evidence does not support the ALJ's decision.

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show McIntosh can do her past work as a telemarketer or a general office clerk.[14]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15]  The ALJ's determination about the claimant's ability to work must be supported by medical evidence; the claimant's subjective allegations are not enough to prove she is disabled.[16]

**Credibility**.  McIntosh's primary reason for disability is back pain.  She testified that her pain is so great that she can't stand in one spot.[17]  She said she must lean on objects in order to stand.  The medical evidence does not support these allegations.  Diagnostic

---

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]*Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

[17]SSA record at p. 30.

imaging shows mild degenerative changes in the lower thoracic spine.[18]  The descriptor

"mild" does not support disabling pain.

The agency field agent saw McIntosh walk with a limp and shift in the chair, but the

medical evidence speaks for itself.  The most recent medical evidence shows McIntosh can

heel-toe walk and bend her back.[19]  The record shows nothing preventing McIntosh from

standing or requiring her to lean on objects to stand.

**Evidence about back pain**.  Between November 2010 and August 2011, McIntosh

sought emergency-room treatment for back pain seven times.[20]  For each visit, she was

treated for pain and released.  At the time of her hearing, she had sought no treatment for

over four months.  This treatment history does not indicate disabling back pain.

The emergency room treatment notes reflect periodic exacerbations of back pain that

have been controlled with treatment.  "An impairment which can be controlled by

---

[18]SSA record at pp. 249-50 ("x-rays of the lumbar spine showed some mild degenerative disc disease of the thoracic spine but the lumbar spine was normal) & p. 377 (The patient's x-rays showed mild degenerative disc disease, straightening, possible spasms.").

[19]SSA record at p. 376-77.

[20]SSA record at pp. 215-16 (lumbar pain radiating to left leg, no loss of motor function or sensation, tenderness in lumbar spine, positive straight leg raise on left); pp. 242-43 (mild lumbar paraspinal tenderness on the left and over the left sciatic notch, some mild tenderness in the midline of the lower lumbar spine, negative straight leg raise); p. 276 (straight leg raise positive on left, tenderness in left buttock); p. 264 (tenderness on left lower back and down left leg, decreased range of motion); p. 301 (no acute distress, multiple ER visits for same complaint) & pp. 376-77 (tenderness on palpation of left sacroiliac area, negative straight leg raise, can heel toe walk well, can flex to 90 degrees with mild pain).

treatment or medication is not considered disabling."[21] McIntosh relies on a lack of medical insurance for more frequent treatment, but she has not pursued community treatment resources.

A reasonable mind would accept the evidence as adequate to support the ALJ's decision because no medical evidence shows McIntosh cannot occasionally lift 20 pounds or frequently lift/carry 10 pounds. McIntosh presented to the emergency room for complaints other than back pain, but those complaints are not part of her claim.[22] The medical evidence shows no functional limitation. McIntosh claims she must alternate between sitting and standing, but the ALJ's determination about her ability to work accommodates that claim.

**Record development**. The agency medical experts opined that McIntosh can do light work.[23] McIntosh contends the ALJ should have ordered a consultative exam rather than rely on the agency medical opinions, but the record includes sufficient medical evidence to determine whether McIntosh is disabled.[24] The record includes diagnostic imaging of the back and treatment records for back pain. The ALJ met the Commissioner's

---

[21]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[22]SSA record at p. 193 (cough); pp. 201-02 (left wrist sprain); p. 221 (abscess); p. 227 (boils); p. 233 (red, itchy, watery eyes); p. 310 (left ankle injury); p. 317 (recheck abscess); p. 323 (abscess, also back pain) & p. 378 (exposure to sexually transmitted disease).

[23]*Id*. at pp. 290-97 & 333.

[24]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

burden to develop the record by obtaining McIntosh's medical records and seeking medical opinions about McIntosh's ability to work.

**Mental impairment**. The ALJ also developed the record as to mental impairment. The ALJ ordered a mental diagnostic evaluation because McIntosh alleged attention deficit disorder. During the evaluation, McIntosh reported no symptoms of attention deficit disorder.[25] She demonstrated adequate capacity to sustain persistence during the evaluation.[26] As a result, no reason existed for questioning the vocational expert about limitations in maintaining concentration, persistence, or pace. The ALJ's hypothetical question captured the concrete consequences of McIntosh's impairments.[27]

**Vocational evidence**. A vocational expert classified a general office clerk as light work and a telemarketer as sedentary work.[28] According to the vocational expert, both jobs permit a worker to sit and stand throughout the work day.[29] A reasonable mind would accept the vocational evidence as adequate to show McIntosh can do her former jobs. Even if she cannot work as a general office clerk (light work), she can work as a telemarketer

---

[25]SSA record at p. 334.

[26]*Id*. at p. 338.

[27]*Lacroix v. Barnhart*, 465 F.3d 881, 889-90 (8th Cir. 2006) ( hypothetical question must capture concrete consequences of claimant's impairments).

[28]SSA record at pp. 49-50.

[29]*Id*. at p. 51.

(sedentary work).[30]

**Conclusion**.  Viewed as a whole, substantial evidence supports the ALJ's decision.

The ALJ made no legal error.  For these reasons, the Court recommends AFFIRMING the

decision of the Commissioner and dismissing McIntosh's Complaint with prejudice.

It is so ordered this 20th day of May, 2014.

_____
JOE VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[30]20 C.F.R. §§ 404.1567(b) & 416.967(b) ("If someone can do light work… she can also do sedentary work, unless there are additional limiting factors….").